IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AXALTA COATING SYSTEMS, LLC,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     Civil No. 2:20-cv-00506-JMG<br>:<br>: |
| PLATINUM COLLISION CENTER,<br>LLC d/b/a ACE AUTOBODY &<br>MOTORSPORTS,<br>    Defendant. | :<br>:<br>:<br>:<br>: |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                                                                             June 23, 2021

## I.    INTRODUCTION

This matter arises from a breach of contract action by Plaintiff Axalta Coating Systems, LLC against Ace Autobody & Motorsports concerning an agreement for the purchase and use of automotive paint and related products. Pursuant to a Master Incentive Program Agreement and Incentive Agreement, Plaintiff was to provide an upfront investment and certain paint equipment to Defendant in exchange for Defendant's purchase of 97% of its requirements for automotive paint and related materials until it had purchased $1,000,000 in Axalta products. Plaintinfif brought suit after Defendant failed to purchase any Axalta products, despite the fact that Plaintiff honored its obligations under the Agreement. Presently before the Court is Plaintiff's Motion for Default Judgment. Plaintiff seeks liquidated damages, as well as attorneys' fees, court costs, interest, and other costs reasonably related to Defendant's breach of contract. Defendant has failed to respond to any filings in the instant action. For the reasons set forth below, Plaintiff's Motion is granted.

## II. BACKGROUND

Plaintiff Axalta Coating Systems, LLC ("Axalta") filed a Complaint against Autobody & Motorsports ("Ace") on January 29, 2020, *see* Compl. ¶ 1, ECF No. 1, and thereafter filed an Amended Complaint on February 4, 2020. *See* Amended Compl. ¶ 1, ECF No. 4. According to the Amended Complaint, Axalta entered into a Master Incentive Program Agreement and Incentive Agreement (collectively the "Agreement") with Ace on February 21, 2019. *See* Amended Compl. ¶ 4. Under the terms of the Agreement, Ace agreed to purchase and use Axalta products for 97% of its requirements for automotive paint and related materials, and to purchase such Products in an amount equal to at least $1,000,000.00 at the then-current Suggested Refinisher Price List. *See id.* ¶ 6. In exchange, Axalta provided a total upfront investment of $162,797.00 ("Total Investment"), plus certain equipment valued at $25,093.72 ("Equipment"). *See id.* ¶¶ 18-19. Axalta alleges that Ace breached the Agreement when it took the Total Investment and Equipment but failed to purchase any quantity of Axalta products. *See id.* ¶ 7. Accordingly, Axalta seeks relief in the form of liquidated damages equal to $187,890.72 and attorney's fees, court costs, interest, and other costs reasonably related to a suit for breach of the Agreement. *See id.* ¶¶ 24, 35.

Service of the Summons, the Complaint, and Amended Complaint were properly effectuated on Ace by certified mail on February 4, 2020. *See* Affidavit of Service, ECF No. 5. Copies of the Summons, Complaint, and Amended Complaint were also sent directly to Ace by certified mail. *Id.* Ace failed to file an answer or responsive pleading within twenty-one days from the date of service, as required by Federal Rule 12(a). Axalta requested entry of default on February 26, 2020. *See* Request for Entry of Default, ECF No. 7. The Clerk of Court entered default against Ace on July 20, 2020. Pursuant to this Court's Order dated September 21, 2020, Axalta served process on Ace by U.S. Mail and posted a copy at their place of business.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a properly served defendant when default has been entered by the Clerk of Court. *See* Fed. R. Civ. P 55(b)(2); *see also Anchorage Assocs. V. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). In considering these factors, the "court should accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017).

The Court may make its determination concerning the appropriate amount of damages by reviewing detailed affidavits from the claimant. *See Amresco Financial I L.P. v. Storti*, No. 99-2613, 2000 WL 284203, at *2 (E.D. Pa. Mar. 13, 2000) (noting that the entry of default judgment with an award of damages is proper when such an award can be ascertained from detailed figures in evidence and affidavits). Under Pennsylvania law, there is no requirement that a damage calculation meet a standard of mathematical certainty. *See J.W.S. Delavau v. E. Am. Transp. & Warehousing*, 810 A.2d 672, 685 (Pa. Super. 2002). Rather, a reasonable calculation should be made by looking at the evidence and the affidavits submitted by the moving party. *See J & J Sports Productions, Inc. v. Roach*, No. 07-5059, 2008 WL 8901291, at *1 (E.D. Pa. July 8, 2008). If such a reasonable calculation cannot be made, then the court may order a hearing to better determine the appropriate damages. *Bakley v. A & A Bindery, Inc.*, No. 86-5242, 1987 WL 12871, at *1 (E.D. Pa. June 18, 1987).

## IV. DISCUSSION

The Court finds that the aforementioned factors, as applied to the facts of this case, weigh in favor of granting Plaintiff's Motion. The prejudice sustained by Axalta, Ace's failure to present a litigable defense, and Ace's willful lack of response in this matter warrants a judgment in Plaintiff's favor. Axalta has also provided the requisite factual support for their claim for breach of contract against Ace. This includes a copy of the Agreement between the Parties and a sworn affidavit by Plaintiff's counsel attesting to the terms of the Agreement, Ace's purported breach thereof, Plaintiff's service of process, Ace's failure to respond, and an accounting of the attorney's fees incurred by Plaintiff. Accordingly, the Court finds that an entry of default judgment is appropriate in this matter.

### 1. Prejudice to Axalta

The first factor is the prejudice to Axalta if default judgment is denied. This factor balances in Axalta's favor. Since February 2020, Ace has failed to respond to Axalta's claims or to otherwise engage in this matter. Absent an entry of default judgment, Axalta will be critically prejudiced as it will have no recourse to enforce the Agreement and recoup the funds wrongfully retained by Ace. Furthermore, Axalta has paid for the legal costs of bringing this action against Ace, and it will continue to pay the legal costs if default judgment is not entered. *See* Pl. Mot., Waskom Aff. ¶ 8(c).

### 2. Lack of Litigable Defense

The second factor to balance is whether Ace has a litigable defense in response to Axalta's claims. Ace has not attempted to assert any litigable defense, nor could it. Given its plain and unambiguous language, the Court finds that the Agreement attached to the Complaint is a fully integrated, valid contract governing the purchase and use of Axalta products. The Agreement states that Axalta would provide to Ace a total upfront investment of $162,797.00 ("Total Investment"),

plus certain equipment valued at $25,093.72 ("Equipment"). *See* Compl., Ex. 1, Incentive Agreement ¶2, 5. In exchange, Ace agreed to purchase and use Axalta products for 97% of its requirements for automotive paint and related materials, and to purchase such Products in an amount equal to at least $1,000,000.00 at the then-current Suggested Refinisher Price List (the "Purchase Commitment") during a 67-month period (the "Term"). *Id.* ¶1, 3.

The Agreement expressly provides that "ceasing to use the Products during the Term for any reason" shall constitute a breach of the Agreement by Ace. *Id.*, Master Agreement ¶5(a). Axalta fulfilled its obligations and provided Ace with the total investment and equipment. Ace, however, has not purchased any quantity of Axalta products pursuant to the Agreement and has thereby failed to meet it Purchase Commitment. As such, Ace has breached the Agreement and fails to assert any litigable defense for said breach. This factor therefore also weighs in favor of granting default judgment.

### 3. Delay and Culpable Conduct

The third and final factor is whether the delay is due to the defendant's culpable conduct. "Culpable conduct" is defined as conduct that is done "willfully or in bad faith." *Chamberlain*, 210 F.3d at 164 (quoting *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 124 (3d Cir. 1983)). Even when there is no evidence that the defendant acted in bad faith, acceptance of service of the complaint and a subsequent failure to respond renders their conduct "willful." *See Service Employees Int'l Union Local 32BJ, District 36 v. ShamrockClean, Inc.*, 325 F. Supp. 3d 631, 637 (E.D. Pa. 2018). Here, Axalta properly effectuated service by certified mail. Ace also was served with a copy of Axalta's Request for Default and the instant Motion by first-class mail. However, Ace has not responded to any of those filings. Accordingly, the Court finds that Ace's conduct

constitutes a willful delay in these proceedings, thereby weighing the third factor in the Court's analysis in favor of granting default judgement.

## V.     CONCLUSION

On balance, the Court finds that the applicable factors in considering a party's motion for entry of default judgment weigh in favor of Axalta. The record shows that Ace breached its agreement with Axalta, and thereafter failed to respond to Axalta's attempt to recover its initial investment. Ace has likewise failed to respond to this action or present any litigable defense. In light of the evidence presented by Axalta, the Court concludes that an entry of default judgment is appropriate. Therefore, Plaintiff's Motion is granted. An appropriate Order follows.


BY THE COURT:


*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge